HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington corporation, and ARKEMA, INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN ENVIRONMENTAL L.LC., a Delaware limited liability company, and BEAN DREDGING L.L.C., a Louisiana limited liability company,<br><br>Defendants. | Case No. C05-5306 RBL<br><br>ORDER DENYING MOTION TO COMPEL |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Compel [Dkt. #23].

Having considered the entirety of the records and file herein, the Court rules as follows:

This case involves a contract dispute. Plaintiffs General Metals of Tacoma, Inc. and Arkema, Inc. (collectively the "Head of Hylebos Cleanup Group" or "HHCG") has sued Bean Environmental L.L.C. and Bean Dredging L.L.C. ("Bean") alleging generally that Bean failed to fulfill their obligations under the contract to dredge certain portions of the Hylebos Waterway. Bean, not unexpectedly, has counterclaimed against HHCG alleging that HHCG breached the contract by failing to pay Bean's submitted invoices.

The issue now before the Court is Bean's motion to compel HHCG to allow entry by Bean upon the dredging equipment being used by the replacement contractor hired by HHCG in order to place a video camera

system on the dredging equipment. The video camera system would record the work being done and would be able to be monitored remotely. However, the computer hard drive and/or DVD's storing the data would have to be replaced every several days, necessitating further entry by Bean, upon the dredging equipment.

Plaintiffs object to the motion on several grounds. They object because of the time required to install the video camera system as it may interfere with the remediation work. The dredging is currently occurring on a six-day- a-week, 20 hours per day schedule. The remaining four hours per day are used for repositioning, fueling and maintaining the dredging equipment, and the off-day is for equipment maintenance. Furthermore, HHCG is contemplating moving to a 24-hour, seven day per week schedule. Bean estimates that the installation of the video camera system would take two eight-hour shifts. Based upon the current schedule, there exists no eight hour blocks of time to install the system. HHCG also objects on the ground that the video camera system with its remote monitoring feature could interfere with the telemetry system used by the replacement contractors. Furthermore, the dredging system used by the replacement contractors is proprietary, and they object to allowing a competitor (Bean) physical access to their equipment and close-up viewing of their operation. Finally, the video recorded when Bean was using the equipment on their own dredging equipment was not useful to determine the different sediment types that were being used, and a human monitor had to be stationed on board the dredge in order to observe the work that the video camera was filming.

Fed. R. Civ. P. 34(a) provides that a party may request of another party permission for "entry upon . . . property in the possession or control of the party upon whom the request is served for the purpose of . . . photographing . . . the property or any designated object or operation thereon, within the scope of Rule 26(b)." The party opposing the request may do so on the grounds of, e.g., prejudice, inconvenience, and relevance. Here, the Court finds that the nominal probative value of the information sought (that when dredging in an area with particularly silty sediment or with only a thin layer of sediment, the contents of the bucket will appear watery) and the ability of Bean to obtain the evidence by other means (testimony from experts and/or observers of the work) argue against the motion. HHCG would be prejudiced by the delay of the remediation effort, the potential interference with the replacement contractors' telemetry system, and by the exposure of proprietary information to the replacement contractors' competitor. Therefore, it is hereby

**ORDERED** that Defendant's Motion to Compel [Dkt. #23] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing

1 | pro se.

2 | Dated this 18th day of October, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE