UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA, INC., a Pennsylvania Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company,<br><br>Defendants. | No. CV05-5306<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

This matter is before the Court on Defendant Bean Environmental, LLC's ("Bean") Motion to Compel [Dkt. #38]. Bean asks the Court to compel Plaintiffs General Metals of Tacoma, Inc. and Arkema, Inc. (collectively, the Head of Hylebos Cleanup Group, or "HHCG") to provide complete answers to Bean's Interrogatories No. 1 through No. 5.

Interrogatories No. 1 through No. 3 ask that HHCG describe all facts and identify particular documents relating to each alleged breach of contract and relating specifically to Bean's alleged defective dredging. HHCG claims that the information sought is equally available to Bean, and referred Bean to more than 150,000 pages[1] of documents produced by HHCG and its consulting engineering firm, Dalton, Olmsted & Fuglevand, Inc. HHCG added that it intends to provide more information as it becomes

---

[1] In its Opposition to Defendant Bean's Motion to Compel, HHCG referred to "over 240,000 pages of documents...in electronic and hard copy." [Dkt. #40, p. 11].

ORDER

1  available.

2  Interrogatories No. 4 and No. 5 ask that HHCG describe the amount, type, and method of
3  calculation of damages, and identify related documents.  HHCG responded with anticipated damages and
4  added that it will provide Bean with a list of documents on which the damage estimate is based after the
5  current dredging season ends in mid-March 2006.

6  Civil Rule 33 requires a party to furnish responsive information "as is available to the party."  Fed.
7  R. Civ. P. 33(a).  The purpose of Rule 33 is threefold: (1) it enables a party to prepare for trial; (2) it
8  narrows the issues and helps determine what evidence will be needed at trial; and (3) it reduces the
9  possibility of surprise at trial.  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal
10 Practice and Procedure* §2162 (2d ed.1994).  Rule 33 is liberally construed to meet this purpose.  *Bell v.
11 Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960).

12 Bean seeks information that is related to HHCG's central allegations and to damages, a reasonable
13 request.  On the other hand, given that the discovery cut-off is not until September 18, 2006, it is not
14 surprising that HHCG has not yet compiled a list of bated documents for trial.  In light of these
15 circumstances and the liberal construction Rule 33 is afforded, this Court concludes that HHCG could
16 fairly respond to Bean's requests within 50 calendar days.

17 Defendant Bean's Motion to Compel [Dkt. #38] is GRANTED.  HHCG is ordered to respond to
18 Bean's Interrogatories No. 1 through No. 5 within 50 calendar days.  With respect to Interrogatories No. 1
19 through No. 3, HHCG should provide specific dates and highlight specific documents that support its
20 allegations.  With respect to Interrogatories No. 4 and No. 5, HHCG should supply the method it used for
21 calculating damages and highlight pertinent documents up to present day that correspond to alleged
22 damages.

23 IT IS SO ORDERED.

24 DATED this 21st day of February, 2006.

25
26
27                               RONALD B. LEIGHTON
28                               UNITED STATES DISTRICT JUDGE

ORDER