HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11

GENERAL METALS OF TACOMA, INC., a
Washington Corporation, and ARKEMA,
INC., a Pennsylvania Corporation,

Case No. C05-5306 RBL

12
13

Plaintiffs,

ORDER

v.

14
15
16

BEAN ENVIRONMENTAL LLC, a
Delaware Limited Liability Company; and
BEAN DREDGING LLC, a Louisiana
Limited Liability Company,

17

Defendants.

18
19

THIS MATTER comes on before the above-entitled Court upon Plaintiffs' Motion to Compel

20

Production of Documents [Dkt. #85].

21

Having considered the entirety of the records and file herein, the Court rules as follows:

22

Plaintiffs General Metals of Tacoma, Inc. and Arkema, Inc. (the Head of the Hylebos Cleanup Group,

23

hereinafter "HHCG") seek to compel the production from defendants Bean Environmental LLC and Bean

24

Dredging LLC (hereinafter "Bean") of "all documents, memoranda, and communications that refer or relate

25

to the Project, including but not limited to the work performed by, or advice sought by you on the Project,

26

and/or equipment and/or technology used by you on the Project" from Bean Stuyvesant LLC, Stuyvesant

27

Dredging Company, and Royal Boskalis Westminster ("Bokalis"). Decl. of Marisa Bavand ("Bavand Decl."),

28

para. 7, Exh. F, HHCG's Second Set of Requests for Production and Responses and Objections Thereto,

1    <u>Request for Production No. 2, Dkt. #88</u>.  Bean responded that they would provide, to the extent not already

2    provided, "additional responsive, non-privileged documents, if any, in its possession, custody or control located

3    after reasonable inquiry."  <u>Id</u>.  Bean argues in opposition to the motion that they have provided plaintiffs all

4    the documents that Bokalis or Stuyvesant Dredging Company provided Bean during the course of the Project.

5    <u>Decl. of Kevin J. Craig ("Craig Decl."), para 3., Dkt. #99</u>.  Bean further argues that Bokalis is not a party to

6    this action, that Bean has no control over Bokalis, and, as such, cannot be compelled to produce documents

7    in Bokalis' possession.  <u>Bean's Opposition to HHCG's Motion to Compel, Dkt. #97; Craig Decl. paras. 6-7</u>.

8          In general, the documents HHCG seeks from Bokalis include design related documents, invoices from

9    Bokalis to Bean, production estimates, schedule analysis, sediment data analysis, and equipment selection

10    analysis, together with reports sent from Bean to Bokalis.  Evidently, Bokalis maintains a database including

11    these documents in its offices in the Netherlands.  <u>Motion to Compel, pp. 6-7; Bavand Decl., para. 9, Exh. G,</u>

12    <u>(letter dated August 22, 2006 from Marisa Bavand to William F. Cronin)</u>.

13    **LEGAL STANDARDS**

14          Rule 34 governs requests for production of documents.  The rule provides that a "party may serve on

15    any other party a request . . . to produce . . . any designated documents . . . which constitute or contain matters

16    within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom

17    the request is served . . .."  <u>Fed. R. Civ. P. 34(a)</u>.  "Control is defined as the legal right to obtain documents

18    on demand."  *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th

19    Cir. 1989).  "A corporation must produce documents possessed by a subsidiary that the parent corporation

20    owns or controls."  *Id*.  "The party seeking production of the documents bears the burden of proving that the

21    opposing party has such control."  *Id*.

22    **ANALYSIS**

23          In support of its burden to prove that Bean controls the documents in Bokalis' possession, HHCG

24    relies upon the testimony of Rinus Van de Ven to show the relationship between Bean and Bokalis.  <u>Motion</u>

25    <u>to Compel, pp. 3-6; Bavand Decl., para. 3, Exh. B, Deposition of Rinus Van de Ven ("Van de Ven Depo.")</u>.

26    Bokalis is a worldwide dredging conglomerate with offices in Holland.  Because Bokalis wanted to break into

27    the U.S. dredging market, they formed Stuyvesant Dredging, Inc.  <u>Van de Ven Depo., pp. 11, 14-16</u>.  Mr. Van

28    de Ven is the former President of Stuyvesant Dredging and Chief Operating Officer of Stuyvesant.  Stuyvesant

1  Dredging, Inc. formed a joint venture with Bean and created Bean Stuyvesant LLC. Van de Ven Depo., pp.

2  73-76. Stuyvesant Dredging, Inc. and Bean each own 50% of Bean Stuyvesant LLC. Id.; Bavand Decl., para.

3  4, Exh. C (C.f. Bean LLC Organizational Chart). Relying on Van de Ven's testimony, HHCG further argues

4  that "[a]s Bean Stuyvesant LLC, both Bean and Stuyvesant/Bokalis formed various other Bean entities

5  (including Bean Environmental) . . . [t]herefore Bokalis/Stuyvesant is the United States based parent and an

6  affiliated company of Bean Environmental." Motion to Compel, p. 4. HHCG also argues that the relationship

7  between "Bean, Bokalis and Stuyvesant Dredging can be characterized as alter egos, joint ventures or sister

8  corporations" and "to treat them as unrelated entities would defy reality." Reply in Support of Motion to

9  Compel, p. 1, Dkt. #106. And, relying on cases from district courts in other circuits, HHCG argues that the

10  legal control test has been expanded to include third parties who are "closely related to the litigation." Id., p.

11  4.

12        Contrary to HHCG's argument that the legal control test has been "expanded," in the Ninth Circuit the

13  legal control test is the controlling standard. In re Citric Acid Litigation, 191 F.3d 1090, 1107 (9th Cir. 1999)

14  ("we conclude - - consistently with all of our sister circuits who have addressed the issue - - that the legal

15  control test is the proper standard under Rule 45"). The legal control test applies to requests for documents

16  under both Rule 45 and Rule 34. See In re ATM Fee Antitrust Litigation, 233 F.R.D. 542, 545 (N.D. Cal.

17  2005).

18        The corporate structure of Bean and Bokalis is such that neither Bean Environmental LLC nor Bean

19  Dredging LLC (the only two named defendants) exercise control over Bokalis. As the Bean organizational

20  chart demonstrates, Bean Dredging LLC is a wholly-owned subsidiary of C.F. Bean LLC. Craig Decl., para.

21  2, Exh. A. Bean Environmental LLC is controlled by Bean Meridian Holding, a holding company that is

22  controlled by Bean Dredging LLC. Id. Bean Dredging LLC owns 75% of Bean Meridian Holding which owns

23  75% of Bean Environmental LLC. Id. Stuyvesant Investments Inc., a U.S. subsidiary of Bokalis owns a 25%

24  interest in Bean Meridian Holding and Bean Environmental LLC. Id. And, the defendants (Bean

25  Environmental LLC and Bean Dredging LLC) have no officers or directors in common with Bokalis. Although

26  Mr. Van de Ven was an officer for Stuyvesant Dredging LLC (a wholly-owned U.S. subsidiary of Bokalis and

27  a 50% owner of Bean Stuyvesant LLC, Craig Decl., Exh. H), and Bean Stuyvesant LLC, these companies did

28  not have an ownership interest in either Bean Environmental LLC or Bean Dredging LLC. Craig Decl., Exh.

A.

HHCG has failed to carry its burden to show that Bean has legal control of Bokalis.  Because HHCG cannot show that either Bean Environmental LLC or Bean Dredging LLC are either subsidiaries or parents to Bokalis and have the legal right to obtain Bokalis documents, HHCG cannot compel the production of Bokalis documents through the named defendants, Bean Environmental LLC and Bean Dredging LLC.  HHCG's Motion to Compel Production of Documents [Dkt. #85] is **DENIED**.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 11th day of October, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE