Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA INC., a Pennsylvania Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company,<br><br>Defendants. | NO. CV05-5306 RBL<br><br>AGREED (JOINT) JURY INSTRUCTIONS |

AGREED (JOINT) JURY INSTRUCTIONS - 1
(CV05-5306 RBL)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1953788.1

1  DATED this 10th day of January, 2007.

s/John P. Evans, WSBA No. 08892
Heidi L. Evatt, WSBA No. 29527
Thomas W. Falkner, WSBA No. 28429
Attorneys for Plaintiff
General Metals of Tacoma, Inc.
WILLIAMS, KASTNER & GIBBS, PLLC
Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101
Telephone:   206.628.6600
Facsimile:    206.628.6611
E-mail:         jevans@wkg.com
Email:          hevatt@wkg.com
E-mail:         tfalkner@wkg.com

and

s/Marisa M. Bavand, WSBA No. 27929
Kristi D. Favard, WSBA No. 34419
Attorneys for Plaintiff Arkema, Inc.
GROFF MURPHY TRACHTENBERG & EVERARD
300 East Pine Street
Seattle, WA 98122
Telephone:   206.628.9500
Facsimile:    206.628.9506
E-mail:         mbavand@groffmurphy.com
E-mail:         kfavard@groffmurphy.com

AGREED (JOINT) JURY INSTRUCTIONS - 2
(CV05-5306 RBL)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1953788.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

>William F. Cronin
>Kevin C. Craig
>Corr Cronin Michelson
>Baumgardner & Preece LLP
>1001 Fourth Avenue, Suite 3900
>Seattle, WA 98154-1051
>*Attorneys for Defendant*
>*Bean Environmental LLC*

DATED this 10th day of January, 2007.

>s/ _____
>John P. Evans, WSBA No. 08892
>Heidi L. Evatt, WSBA No. 29527
>Thomas W. Falkner, WSBA No. 28429
>Attorneys for Plaintiff
>General Metals of Tacoma, Inc.
>WILLIAMS, KASTNER & GIBBS, PLLC
>Two Union Square
>601 Union Street, Suite 4100
>Seattle, WA  98101
>Telephone:   206.628.6600
>Facsimile:     206.628.6611
>E-mail:         jevans@wkg.com
>Email:          hevatt@wkg.com
>E-mail:         tfalkner@wkg.com

AGREED (JOINT) JURY INSTRUCTIONS - 3
(CV05-5306 RBL)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1953788.1

# Table of Contents for Jury Instructions

## AGREED (JOINT) INSTRUCTIONS

| Instruction No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Duty of Jurors | Model Ninth Circuit Jury Instructions, 3.1 | 1 | Joint |
| 2 | What Is Evidence | Model Ninth Circuit Jury Instructions, 3.2 | 2 | Joint |
| 3 | What Is Not Evidence | Model Ninth Circuit Jury Instructions, 3.3 | 3 | Joint |
| 4 | Direct and Circumstantial Evidence | Model Ninth Circuit Jury Instructions, 3.5 | 4 | Joint |
| 5 | Credibility of Witnesses | Model Ninth Circuit Jury Instructions, 3.6 | 5 | Joint |
| 6 | Opinion Evidence, Expert Witnesses | Model Ninth Circuit Jury Instructions, 3.7 | 6 | Joint |
| 7 | Charts and Summaries Not Received In Evidence | Model Ninth Circuit Jury Instructions, 3.9 | 7 | Joint |
| 8 | Charts and Summaries in Evidence | Model Ninth Circuit Jury Instructions, 3.10 | 8 | Joint |
| 9 | Preponderance of the Evidence | Model Ninth Circuit Jury Instructions, 5.1 | 9 | Joint |
| 10 | Proximate Cause | WPI 15.01 | 10 | Joint |

1953792.1

| 11 | Damages for Negligent Misrepresentation | Restatement (Second) of Torts § 552B (modified); Janda v. Brier Realty, 97 Wn. App. 45, 50, 984 P.2d 412 (1999) | 11 | Joint |
|----|----|----|----|----|
| 12 | Duty to Deliberate | Model Ninth Circuit Jury Instructions, 4.1 | 12 | Joint |
| 13 | Use of Notes | Model Ninth Circuit Jury Instructions, 4.2 | 13 | Joint |
| 14 | Communication with Court | Model Ninth Circuit Jury Instructions, 4.3 | 14 | Joint |
| 15 | Duty Of Good Faith and Fair Dealing | WPI 302.11 | 15 | Joint |

1953792.1

## AGREED INSTRUCTION NO. 1

### (Duty of Jurors to Find Facts and Follow Law)

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

---

Model Ninth Circuit Jury Instructions, 3.1 "Duty of Jurors to Find Facts and Follow Law."

1

1953142.1

## AGREED INSTRUCTION NO. 2

### (What Is Evidence)

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which have been received into evidence; and

(3)    any facts to which the lawyers have agreed or stipulated.

---

Model Ninth Circuit Jury Instructions, 3.2 "What Is Evidence."

## AGREED INSTRUCTION NO. 3

## (What Is Not Evidence)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

Model Ninth Circuit Jury Instructions, 3.3 "What Is Not Evidence."

3

1953142.1

## AGREED INSTRUCTION NO. 4

### (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

Model Ninth Circuit Jury Instructions, 3.5 "Direct and Circumstantial Evidence."

4

1953142.1

## AGREED INSTRUCTION NO. 5

### (Credibility of Witnesses)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

---

Model Ninth Circuit Jury Instructions, 3.6 "Credibility of Witnesses."

1953142.1

## AGREED INSTRUCTION NO. 6

(Opinion Evidence, Expert Witnesses)

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

Model Ninth Circuit Jury Instructions, 3.7 "Opinion Evidence, Expert Witnesses."

1953142.1

## AGREED INSTRUCTION NO. 7

(Charts and Summaries Not Received In Evidence)

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

---

Model Ninth Circuit Jury Instructions, 3.9 "Charts and Summaries Not Received In Evidence."

7

1953142.1

## AGREED INSTRUCTION NO. 8

(Charts and Summaries in Evidence)

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

Model Ninth Circuit Jury Instructions, 3.10 "Charts and Summaries in Evidence."

## AGREED INSTRUCTION NO. 9

(Burden of Proof – Preponderance of the Evidence)

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Model Ninth Circuit Jury Instructions, 5.1 "Burden of Proof – Preponderance of the Evidence."

9

1953142.1

## AGREED INSTRUCTION NO. 10

(What is Proximate Cause)

The term "proximate cause" means a cause which in a direct sequence produces the event complained of and without which such event would not have happened.

---

WPI 15.01.

1953142.1

## AGREED INSTRUCTION NO. 11

(Damages for Negligent Misrepresentation)

If you find the HHCG liable for negligent misrepresentation, you should award Bean Environmental such damages as are necessary to compensate Bean Environmental for the pecuniary loss to it of which the misrepresentation is a legal cause. Such damages include pecuniary loss suffered otherwise as a consequence of Bean Environmental's reliance upon the misrepresentation.

---

Restatement (Second) of Torts § 552B (modified); <u>Janda v. Brier Realty</u>, 97 Wn. App. 45, 50, 984 P.2d 412 (1999).

11

## AGREED INSTRUCTION NO. 12

### (Duty to Deliberate)

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

Model Ninth Circuit Jury Instructions, 4.1 "Duty to Deliberate."

## AGREED INSTRUCTION NO. 13

### (Use of Notes)

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

---

Model Ninth Circuit Jury Instructions, 4.2 "Use of Notes."

13

1953142.1

## AGREED INSTRUCTION NO. 14

(Communication with Court)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

---

Model Ninth Circuit Jury Instructions, 4.3 "Communication with Court."

14

1953142.1

## AGREED INSTRUCTION NO. 15

(Implied Duty Of Good Faith and Fair Dealing)

A duty of good faith and fair dealing is implied in every contract. This duty requires the parties to cooperate with each other so that each may obtain the full benefit of performance. However, this duty does not require a party to accept a material change in the terms of its contract.

---

WPI 302.11. Implied Duty Of Good Faith and Fair Dealing

15

1953142.1