Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA INC., a Pennsylvania Corporation,

                    Plaintiffs,

          v.

BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company,

                    Defendants.

NO. CV05-5306 RBL

JOINT STATEMENT OF DISPUTED INSTRUCTIONS

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS - 1
(CV05-5306 RBL)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1953791.1

1    DATED this 10th day of January, 2007.

2

3                                    s/John P. Evans, WSBA No. 08892
                                     Heidi L. Evatt, WSBA No. 29527
4                                    Thomas W. Falkner, WSBA No. 28429
                                     Attorneys for Plaintiff
5                                    General Metals of Tacoma, Inc.
                                     WILLIAMS, KASTNER & GIBBS, PLLC
6                                    Two Union Square
                                     601 Union Street, Suite 4100
7                                    Seattle, WA  98101
                                     Telephone:   206.628.6600
8                                    Facsimile:   206.628.6611
                                     E-mail:      jevans@wkg.com
9                                    Email:       hevatt@wkg.com
                                     E-mail:      tfalkner@wkg.com
10
                                     and
11
                                     s/Marisa M. Bavand, WSBA No. 27929
12                                   Kristi D. Favard, WSBA No. 34419
                                     Attorneys for Plaintiff Arkema, Inc.
13                                   GROFF MURPHY TRACHTENBERG &
                                     EVERARD
14                                   300 East Pine Street
                                     Seattle, WA  98122
15                                   Telephone:   206.628.9500
                                     Facsimile:   206.628.9506
16                                   E-mail:      mbavand@groffmurphy.com
                                     E-mail:      kfavard@groffmurphy.com
17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS - 2
(CV05-5306 RBL)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1953791.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

> William F. Cronin
> Kevin C. Craig
> Corr Cronin Michelson
> Baumgardner & Preece LLP
> 1001 Fourth Avenue, Suite 3900
> Seattle, WA 98154-1051
> *Attorneys for Defendant*
> *Bean Environmental LLC*

DATED this 10th day of January, 2007.

> s/
> _____
> John P. Evans, WSBA No. 08892
> Heidi L. Evatt, WSBA No. 29527
> Thomas W. Falkner, WSBA No. 28429
> Attorneys for Plaintiff
> General Metals of Tacoma, Inc.
> WILLIAMS, KASTNER & GIBBS, PLLC
> Two Union Square
> 601 Union Street, Suite 4100
> Seattle, WA 98101
> Telephone:   206.628.6600
> Facsimile:   206.628.6611
> E-mail:   jevans@wkg.com
> Email:   hevatt@wkg.com
> E-mail:   tfalkner@wkg.com

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS - 3
(CV05-5306 RBL)

1953791.1

# Table of Contents for Jury Instructions

## JOINT STATEMENT OF DISPUTED INSTRUCTIONS

| Instruction Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 10 | Contract Defined | WPI 301.01 | 1<br>2 | Plaintiffs<br>Defendant |
| 11 | Contract Interpretation | WPI 301.05 | 3<br>4 | Plaintiffs<br>Defendant |
| 12 | Breach of Contract | WPI 302.01 | 5<br>6 | Plaintiffs<br>Defendant |
| 13 | Material Breach | WPI 302.03 | 7<br>8 | Plaintiffs<br>Defendant |
| 14<br>14.1<br>14.2 | Burden of Proof | WPI 300.03 | 9<br>10-11<br>12-13 | Plaintiffs<br>Defendant<br>Defendant |
| 15 | Differing Site Condition | Weeks Dredging & Contracting, Inc. v. U.S., 13 Cl. Ct. 193, 218 (1987); All Power, Inc. v. U.S., 60 Fed. Cl. 679, 685 (2004) | 14<br>15 | Plaintiffs<br>Defendant |
| 16 | Measure of Expectation of Damages | WPI 303.02 | 16-17<br>18-19 | Plaintiffs<br>Defendant |
| 17 | Mitigation of Damages | Model Ninth Circuit Jury Instructions, 7.3 | 20<br>21 | Plaintiffs<br>Defendant |
| 18 | Guarantee | Stipulation | 22<br>23 | Plaintiffs<br>Defendant |
| 19 | Negligent Misrepresentation | ESCA Corp. v. KPMG Peat Marwick, 135 Wn.2d 820, 827-88 (1998) | 24<br>25 | Plaintiffs<br>Defendant |
| 22 | Fraud | WPI 160.01 | 26<br>27 | Plaintiffs<br>Defendant |
| 23 | Burden of Proof – fraud and negligent | WPI 160.03 | 28<br>29 | Plaintiffs<br>Defendant |

| | | misrepresentation | | | |
|---|---|---|---|---|---|
| 27 | Return of Verdict | Model Ninth Circuit Jury Instructions, 4.4 | 30<br>31 | Plaintiffs<br>Defendant |
| 28 | Issues | WPI 300.01 | 32-34<br>35 | Defendant<br>Plaintiffs |
| 29 | Trade Usage | Restatement (Second) of Contracts § 222; <u>Puget Sound Financial, L.L.C. v. Unisearch, Inc.</u>, 146 Wn.2d 428, 434 (2002). | 36<br>37 | Defendant<br>Plaintiffs |
| 30 | Waiver | WPI 302.07 | 38<br>39 | Defendant<br>Plaintiffs |
| 32 | Fraudulent inducement | Restatement (Second) Contracts §§ 162, 164, 167. | 40-41<br>42 | Defendant<br>Plaintiffs |
| 33 | Contract Interpretation | <u>Better Financial Solutions, Inc. v. Transtech Electric, Inc.</u>, 112 Wn.App. 697, 711, (2002); <u>Adler v. Fred Lind Manor,</u> 153 Wn.2d 331, 354 (2004) | 43<br>44 | Defendant<br>Plaintiffs |
| 34 | 30(b)(6) Deposition Testimony | Fed. R. Civ. Proc. 30(b)(6); Fed. R. Civ. Proc. 32(a)(2). | 45<br>46 | Defendant<br>Plaintiffs |
| 35 | Performance of Useless Act Not Required | <u>Puget Sound Service Corp. v. Bush,</u> 45 Wn. App. 312, 318 (1986); <u>L.K. Comstock & Co., Inc. v.</u> | 47<br>48 | Defendant<br>Plaintiffs |

|  |  | United Engineers & Constructors Inc., 880 F.2d 219, 232 (9th Cir. 1989) |  |  |
|---|---|---|---|---|
| 36 | Reasonable Basis for Amount of Damages | ESCA Corp. v. KPMG Peat Marwick, 86 Wn. App. 628, 639 (1997). | 49 50 | Defendant Plaintiffs |

PLAINTIFFS' PROPOSED INSTRUCTION NO. 10
(Contract Defined)

A contract is a legally enforceable promise or set of promises.

---

WPI 301.01.

1

DEFENDANT'S PROPOSED INSTRUCTION NO. 10

***Defendant Bean Environmental objects to Plaintiff's Proposed Instruction
No. 10 on the following grounds:***

Plaintiff's Proposed Instruction No. 10 is not necessary because the existence of a contract between the parties and its terms is not an issue in this case. Furthermore, even if there were a dispute as to whether a contract existed, the instruction itself provides no guidance or direction as to what is legally enforceable except to suggest erroneously that a promise, by itself, constitutes a contract. Accordingly, Bean Environmental respectfully requests that the Court refuse Plaintiffs' Proposed Instruction No. 10 in its entirety.

2

PLAINTIFFS' PROPOSED INSTRUCTION NO. 11

(Contract Interpretation)

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

---

WPI 301.05.

3

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, industry practice and custom, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

However, the subjective intent of either party that was not communicated to the other party should not be considered as evidence of the parties' intent at the time they entered the contract, and you may not consider evidence outside the written document that adds to, subtracts from, varies, or contradicts the contract.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 11

Washington Pattern Jury Instruction 301.05 provides adequate instructions on how the jury is to interpret the Contract. Defendant's proposed instruction contains additional language that is confusing and unnecessary.

---

WPI 301.05. Contract Interpretation; *Hearst Communications, Inc. v. Seattle Times Co.,* 154 Wn.2d 493, 503-04, 115 P.3d 262 (2005); Restatement (Second) of Contracts § 222; *Puget Sound Financial, L.L.C. v. Unisearch, Inc.,* 146 Wn.2d 428, 434, 47 P.3d 940 (2002).

4

PLAINTIFFS' PROPOSED INSTRUCTION NO. 12

(Breach of Contract)

The failure to perform fully a contractual duty when it is due is a breach of

contract.

WPI 302.01.

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 12

The plaintiffs the HHCG claim that the defendant Bean Environmental breached the contract by failing to perform in accordance with the contract requirements, in particular that Bean failed to substantially complete performance on or before February 15, 2005.

The defendant Bean Environmental claims that the plaintiffs, the HHCG, breached the contract in the following ways: by refusing to pay the amounts owed to Bean Environmental; by refusing Bean Environmental an extension of time to complete the work; by an untimely delay in providing Bean Environmental information that would have assisted Bean Environmental in performing its services under the contract; and by failing to advise Bean Environmental that the HHCG, General Metals or Arkema knew or had reason to suspect the presence of asbestos contamination in the sediments Bean Environmental was to dredge.

The failure to perform fully a contractual duty when it is due is a breach of contract.

### PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 12

Washington Pattern Jury Instruction 302.01 provides adequate instruction on what constitutes breach of contract. Defendant's proposed instruction contains additional language that is confusing and unnecessary, and is repetitive of its Proposed Instruction No. 28.

---

WPI 302.01. Breach of Contract -- Non-performance of Duty.

1953677.1

PLAINTIFFS' PROPOSED INSTRUCTION NO. 13

(Material Breach)

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract.  A "material breach" is one that substantially defeats the purpose of the contract, or relates to an essential element of the contract, and deprives the injured party of a benefit that he or she reasonably expected.

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 13

The defendant Bean Environmental claims that its obligations under the contract were suspended and ultimately discharged by the HHCG's prior material breach of the contract.

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract. A "material breach" is one that substantially defeats the purpose of the contract, or relates to an essential element of the contract, and deprives the injured party of a benefit that he or she reasonably expected.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 13

Washington Pattern Jury Instruction 302.03 provides adequate instruction on what constitutes a material breach. Defendant's proposed instruction contains additional language that is confusing and unnecessary.

---

WPI 302.03. Material Breach – Definition; *Jacks v. Blazer,* 39 Wn.2d 277, 285, 235 P.2d 187 (1951) ("A breach or nonperformance of a promise by one party to a bilateral contract, so material as to justify a refusal of the other party to perform a contractual duty, discharges that duty.").

WPI 302.03.

8

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 14

### (Burden of Proof – Breach of Contract with Affirmative Defenses)

Plaintiffs, the HHCG, have burden of proving each of the following propositions on their claim of breach of contract against Bean Environmental:

That defendant Bean Environmental entered into a cost-plus dredging contract with plaintiff HHCG;

That the terms of the contract included, among other things, Bean Environmental's promise that it would substantially complete the dredging on or before February 15, 2005;

That Bean Environmental breached the contract in one or more of the ways claimed by HHCG; and

That the HHCG was damaged as a result of Bean Environmental's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for Bean Environmental. On the other had, if each of these propositions have been proved, then you must consider the affirmative defenses claimed by Bean Environmental.

Bean Environmental has the burden of proving the following affirmative defense:

That Bean Environmental's failure to complete the dredging by February 15, 2005 was caused by differing site conditions and that Bean Environmental complied with the differing site conditions notice provisions contained within the parties' contract.

If you find from your consideration of all the evidence that this affirmative defense has been proved, your verdict should be for Bean Environmental. On the other hand, if this affirmative defense has not been proved, then your verdict should be for the HHCG.

---

WPI 300.03 (adopted).

1953677.1

# DEFENDANT'S PROPOSED INSTRUCTION NO. 14.1

Plaintiffs, the HHCG, have the burden of proving each of the following propositions on their claim of breach of contract:

(1)     That Bean Environmental entered into a contract with the HHCG;

(2)     That the contract provided:

> That Bean Environmental would substantially complete performance on or before February 15, 2005;

(3)     That Bean Environmental breached the contract in one or more of the ways claimed by the HHCG; and

(4)     That the HHCG was damaged as a result of Bean Environmental's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for Bean Environmental. On the other had, if each of these propositions has been proved, then you must consider the affirmative defenses claimed by Bean Environmental.

Bean Environmental has the burden of proving the following affirmative defenses:

(a)     The HHCG's claims arose from differing site conditions and not from Bean Environmental's performance;

(b)     Bean Environmental's contractual duties were suspended and ultimately discharged by the HHCG's prior material breach of the contract.

(c)     Bean Environmental's contractual duties were discharged by the HHCG's breach of their covenant of good faith and fair dealing.

(d)     Bean Environmental's contractual duties were discharged by the HHCG's failure to follow contractually specified procedures and remedies.

(e)     Bean Environmental's contractual duties were discharged by the failure of a condition precedent.

10

(f)     The HHCG's claims are barred by the contract.

(g)     The HHCG's damages, if any, were caused by the fault, acts, or omissions of its own employees, for whose conduct Bean Environmental is not responsible.

(h)     The HHCG's damages, if any, were caused by the fault, acts, or omissions of others, including but not limited to Dalton Olmsted & Fuglevand, Inc. (DOF), for whose conduct Bean Environmental is not responsible.

(i)     The HHCG's claim is barred and/or reduced because the HHCG failed to mitigate their damages, if any.

If you find from your consideration of all the evidence that one or more of these affirmative defenses have been proved, your verdict should be for Bean Environmental, unless the only affirmative defense you find to have been proved is that the HHCG failed to mitigate damages, in which case you should reduce the HHCG's damages claim accordingly. On the other hand, if none of these affirmative defenses have been proved, then your verdict should be for the HHCG.


## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 14.1

Washington Pattern Jury Instruction 300.03 provides adequate instruction on the burden of proof for breach of contract with affirmative defenses. Defendant's proposed instruction contains additional language that is confusing and unnecessary.

---

WPI 300.03. Burden Of Proof On The Issues -- Breach of Contract -- With Affirmative Defenses
WPI 302.03.

11

# DEFENDANT'S PROPOSED INSTRUCTION NO. 14.2

Defendant, Bean Environmental, has the burden of proving each of the following propositions on their claim of breach of contract:

(1)     That the HHCG entered into a contract with Bean Environmental;

(2)     That the contract provided:

    (a)     That the HHCG would pay Bean Environmental for services performed pursuant to the contract;

    (b)     That Bean Environmental was entitled to an extension of time to complete performance because Bean Environmental was prevented from substantially completing performance within the contract times due to delays beyond its control;

    (c)     That the HHCG would timely provide information to Bean Environmental that would assist Bean Environmental in performing its services under the contract; and

    (d)     That the HHCG, General Metals or Arkema, would disclose to Bean Environmental any information that the HHCG knew or had reason to suspect concerning the existence of asbestos contamination in the sediments Bean Environmental was to dredge.

(3)     That the HHCG breached the contract in one or more of the ways claimed by Bean Environmental; and

(4)     That Bean Environmental was damaged as a result of the HHCG's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for the HHCG. On the other had, if any of these propositions has been proved, then you must consider any affirmative defenses claimed by the HHCG.

The HHCG has the burden of proving any affirmative defenses to Bean Environmental's claims of breach.

12

If you find from your consideration of all the evidence that an affirmative defense has been proved <u>by the HHCG</u>, your verdict should be for <u>the HHCG on that claim of breach</u>. On the other hand, if none of these affirmative defenses have been proved, then your verdict should be for <u>Bean Environmental on that claim of breach</u>.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 14.2

Washington Pattern Jury Instruction 300.03 provides adequate instruction on the burden of proof for breach of contract with affirmative defenses. Defendant's proposed instruction contains additional language that is confusing and unnecessary; improperly interprets the contract, which usurps the jury's function; and mistates the express terms of contract. Furthermore, Defendant's Proposed Instruction No. 14.2 singles out and favors particular contractual issues over others in this case. There is no reason to provide a specific instruction as to these, while ignoring others. The Contract must be read together as a whole.

---

WPI 300.03. Burden Of Proof On The Issues -- Breach of Contract -- With Affirmative Defenses
WPI 302.03.

1953677.1

PLAINTIFFS' PROPOSED INSTRUCTION NO. 15

(Differing Site Condition)

In order to prove a differing site condition, Bean Environmental must

prove:

      1.    The contract documents must have affirmatively indicated or represented the subsurface conditions which form the basis of the HHCG's claim;

      2.    Bean Environmental must have acted as a reasonably prudent contractor in interpreting the contract documents;

      3.    Bean Environmental must have reasonably relied on the indications of subsurface conditions in the contract;

      4.    The subsurface conditions actually encountered, within the contract site areas, must have differed materially from the subsurface conditions indicated in the same contract area;

      5.    The actual subsurface conditions encountered must have been reasonably unforeseeable; and

      6.    Bean Environmental's failure to substantially complete the work by February 15, 2005 must be shown to be solely attributable to the materially different subsurface conditions within the contract site.

Or, in the alternative, Bean Environmental must prove:

      1.    The condition must have been unknown to Bean Environmental at the time of bidding;

      2.    An unusual condition, or the condition could not have been foreseen by a reasonable contractor; and

      3.    The condition must be materially different from comparable work.

---

Weeks Dredging & Contracting, Inc. v. U.S., 13 Cl. Ct. 193, 218 (1987); All Power, Inc. v. U.S., 60 Fed. Cl. 679, 685 (2004).

1953677.1

DEFENDANT'S PROPOSED INSTRUCTION NO. 15

***Defendant Bean Environmental objects to Plaintiff's Proposed Instruction No. 15 on the following grounds:***

There is no Washington authority for Plaintiffs' Proposed Instruction No. 15. The authority cited by Plaintiffs is from the Federal Claims Court, and is not binding on a court applying Washington law. Furthermore, Plaintiffs' Proposed Instruction No. 15 singles out and favors one particular contractual issue among many in this case. There is no reason to provide a specific instruction as to this issue, while ignoring other contractual issues. Accordingly, Bean Environmental respectfully requests that the Court refuse Plaintiffs' Proposed Instruction No. 15 in its entirety.

15

PLAINTIFFS' PROPOSED INSTRUCTION NO. 16

(Measure of Expectation of Damages)

It is the duty of the court to instruct you as to the measure of damages. In this case, the plaintiff and the defendant each claim to have suffered damages as a result of a breach of contract by the other. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order for either party to recover actual damages, that party has the burden of proving that the other party breached a contract with it, that the party incurred actual damages as a result of the other party's breach, and the amount of those damages.

If you find that the HHCG has proved that they incurred actual damages and the amount of those actual damages, then you shall award actual damages to the HHCG.

If you find that Bean Environmental has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to the defendants.

Actual damages are those losses that were reasonably foreseeable at the time the contract was made. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

(a)     in the ordinary course of events, or

(b)     as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating a party's actual damages, you should determine the sum of money that will put that party in as good a position as that party would have been in if both parties had performed all of their promises under the contract.

16

The burden of proving damages rests with the party claiming them and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. In determining an award of damages to either party, you must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

---

WPI 303.02.

DEFENDANT'S PROPOSED INSTRUCTION NO. 16

It is the duty of the court to instruct you as to the measure of damages. In this case, the plaintiff and the defendant each claim to have suffered damages as a result of a breach of contract by the other. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order for either party to recover actual damages, that party has the burden of proving that the other party breached a contract with it, that the party incurred actual economic damages as a result of the other party's breach, and the amount of those damages.

If your find that the HHCG has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to the HHCG, minus an offset for any amount owed by the HHCG to Bean Environmental.

If you find that Bean Environmental has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to Bean Environmental.

Actual damages are those losses that were reasonably foreseeable at the time the contract was made. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

     (a)    in the ordinary course of events, or

     (b)    as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating a party's actual damages, you should determine the sum of money that will put that party in as good a position as that party would have been in if both parties had performed all of their promises under the contract.

The burden of proving damages rests with the party claiming them and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. In determining an award of damages to either party, you must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 16

Washington Pattern Jury Instruction 303.02 provides adequate instruction on the measure of damages. Defendant's proposed instruction contains additional language regarding an "offset amount" that is confusing and unnecessary.

---

WPI 303.02. Measure of Expectation Damages -- Breach of Contract -- Counterclaim

1953677.1

PLAINTIFFS' PROPOSED INSTRUCTION NO. 17

(Mitigation of Damages)

The HHCG has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Bean Environmental has the burden of proving by a preponderance of the evidence:

1. That the HHCG failed to use reasonable efforts to mitigate its damages; and

2. The amount by which damages would have been mitigated.

---

Model Ninth Circuit Jury Instructions, 7.3 "Damages – Mitigation."

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 17

A plaintiff who sustains damage as a result of a defendant's breach of contract has a duty to minimize its loss.

If the HHCG proves that Bean Environmental breached the contract, the HHCG is not entitled to recover for any part of the loss that it could have avoided with reasonable efforts.

Bean Environmental has the burden to prove the HHCG's failure to use reasonable efforts to minimize its loss, and the amount of damages that could have been minimized or avoided.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 17

There is an applicable Model Ninth Circuit Jury Instruction that should be used for mitigation of damages: 7.3 "Damages – Mitigation." In addition, although Defendant cites WPI 303.06, its Proposed Instruction No. 17 is not in compliance with that instruction and contains additional language that is confusing and unnecessary.

---

WPI 303.06. Contract -- Mitigation of Damages

1953677.1

PLAINTIFFS' PROPOSED INSTRUCTION NO. 18

(Guarantee)

Any damages which you award to the HHCG against Bean Environmental should also be awarded against Bean Dredging.

By stipulation.

DEFENDANT'S PROPOSED INSTRUCTION NO. 18

***Defendant Bean Environmental objects to Plaintiff's Proposed Instruction No. 18 on the following grounds:***

Plaintiffs' Proposed Instruction No. 18 does not address an issue that is before the jury. Bean Environmental does not dispute that Bean Dredging is a guarantor. Plaintiffs' Proposed Instruction No. 18 is therefore not necessary, and potentially confusing. Accordingly, Bean Environmental respectfully requests that the Court refuse Plaintiffs' Proposed Instruction No. 18 in its entirety.

1953677.1

PLAINTIFFS' PROPOSED INSTRUCTION NO. 19

(Negligent Misrepresentation)

Bean Environmental has asserted a claim against the HHCG for negligent misrepresentation. To prevail on its claim, Bean Environmental has the burden of proving the following propositions:

That the HHCG supplied information for the guidance of the Bean Environmental in the business transactions that was false; and

That the HHCG knew or should have known that the information was supplied to guide the Bean Environmental; and

That the HHCG was negligent in obtaining or communicating false information; and

That the Bean Environmental relied on the false information supplied by HHCG; and

That the Bean Environmental's reliance on the false information supplied by the HHCG was justified (that is, that reliance was reasonable under the surrounding circumstances); and

That the false information was the proximate cause of damages to Bean Environmental.

If you find from consideration of all the evidence that Bean Environmental has proved each of these propositions by clear, cogent, and convincing evidence, your verdict should be for it with respect to its claims of negligent misrepresentation against HHCG.

On the other hand, if any of these propositions has not been proved by clear, cogent, and convincing evidence, your verdict should be for the HHCG on Bean Environmental's claim for negligent misrepresentation.

---

ESCA Corp. v. KPMG Peat Marwick, 135 Wn.2d 820, 827-88 (1998).

24

DEFENDANT'S PROPOSED INSTRUCTION NO. 19

**Defendant Bean Environmental proposes the following changes to**

**Plaintiff's Proposed Instruction No. 19:**

Defendant Bean Environmental proposes that the first paragraph of Plaintiff's

Proposed Instruction No. 19 be edited to reflect the following changes:

Bean Environmental has asserted a claim against the HHCG for <u>damages</u> <u>for</u> negligent misrepresentation. To prevail on its <u>damages</u> claim, Bean Environmental has the burden of proving the following propositions:

This edit serves to distinguish Bean Environmental's claims for fraud and

negligent misrepresentation from its claim for rescission.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 19

Plaintiffs object to the additional language proposed by Defendant because the

instruction adopted by ESCA Corp. provides adequate instruction for the jury to decide

the claim of negligent misrepresentation. In addition, there is no reason to distinguish

between claim Bean's damage and rescission claim because the jury will neither hear

nor decide an equitable claim such as rescission.

25

PLAINTIFFS' PROPOSED INSTRUCTION NO. 22

(Fraud)

Bean Environmental has asserted a claim against the HHCG for fraud. There are nine essential elements of fraud. Each element of fraud must be established by clear, cogent, and convincing evidence. The nine elements of fraud are:

(1)     Representation by the HHCG of an existing fact;

(2)     Materiality of the representation;

(3)     Falsity of the representation;

(4)     The HHCG's knowledge of its falsity;

(5)     The HHCG's intent that it be acted upon by the plaintiff;

(6)     Bean Environmental's ignorance of the falsity;

(7)     Bean Environmental's reliance on the truth of the representation;

(8)     Bean Environmental's right to rely upon it; and

(9)     Resulting damages.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 22

Bean Environmental has asserted a claim against the HHCG for damages for fraud.

There are nine essential elements of fraud. Each element of fraud must be established by clear, cogent, and convincing evidence. The nine elements of fraud are:

(1)     Representation by the HHCG of an existing fact;

(2)     Materiality of the representation, meaning that it was reasonable for Bean Environmental to attach importance to its existence or nonexistence in determining whether to sign the contract;

(3)     Falsity of the representation;

(4)     The HHCG's knowledge of its falsity;

(5)     The HHCG's intent that it be acted upon by Bean Environmental;

(6)     Bean Environmental's ignorance of the falsity;

(7)     Bean Environmental's reliance on the truth of the representation;

(8)     Bean Environmental's right to rely upon it; and

(9)     Resulting damages.


## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 22

Washington Pattern Jury Instruction 160.01 provides adequate instruction on the measure of damages. Defendant's proposed instruction contains additional language that is confusing and unnecessary.

---

WPI 160.01. Elements of Fraud; Restatement (Second) of Torts § 538

PLAINTIFFS' PROPOSED INSTRUCTION NO. 23

(Burden of Proof –fraud and negligent misrepresentation)

A party who alleges fraud or negligent misrepresentation has the burden of proving each by clear, cogent, and convincing evidence. However, this burden of proof is applicable only to the proofs of fraud and negligent misrepresentation. All other allegations of the respective parties must be proved by a preponderance of the evidence as that term is more fully defined in other instructions.

When it is said that a proposition must be proved by clear, cogent, and convincing evidence it means that the proposition must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence. However, it does not mean that the proposition must be proved by evidence that is convincing beyond a reasonable doubt.

---

WPI 160.03.

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 23

<u>Bean Environmental has the burden of proving fraud, negligent misrepresentation and/or fraudulent or material inducement by clear, cogent, and convincing evidence.</u>

However, this burden of proof is applicable only to the proof of fraud, negligent misrepresentation and/or fraudulent or material inducement. All other allegations of defendant <u>Bean Environmental</u> must be proved by a preponderance of the evidence as that term is more fully defined in other instructions.

When it is said that a proposition must be proved by clear, cogent, and convincing evidence it means that the proposition must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence. However, it does not mean that the proposition must be proved by evidence that is convincing beyond a reasonable doubt.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 22

Washington Pattern Jury Instruction 160.03 provides adequate instruction on the measure of damages. Defendant's proposed instruction contains additional language that is confusing and unnecessary.

---

WPI 160.03. Fraud -- Burden of Proof -- Combined With Preponderance of Evidence

1953677.1

(Return of Verdict)

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

---

Model Ninth Circuit Jury Instructions, 4.4 "Return of Verdict."

DEFENDANT'S PROPOSED INSTRUCTION NO. 27

A verdict form has been prepared for you.  <u>You should read through the entire verdict form before beginning to answer the questions submitted to you.</u>  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 27

Model Ninth Circuit Jury Instructions, 4.4 provides adequate instruction on the measure of damages.  Defendant's proposed instruction contains additional language that is unnecessary.

---

Model Ninth Circuit Jury Instructions, 4.4 "Return of Verdict"

1953677.1

DEFENDANT'S PROPOSED INSTRUCTION NO. 28

The following is a summary of the claims of the parties provided to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

(1)     The plaintiffs the HHCG claim that the defendant Bean Environmental breached the contract by failing to perform in accordance with the contract requirements, in particular that Bean Environmental failed to substantially complete performance by February 15, 2005.

The HHCG also claims that it sustained damages as a result of Bean Environmental's breach of the contract, and the HHCG seeks a judgment against Bean Environmental for these damages.

Bean Environmental denies these claims.

In addition to denying the HHCG's claims, Bean Environmental claims the following affirmative defenses:

(a)     The HHCG's claims arose from differing site conditions and not from Bean Environmental's performance;

(b)     Bean Environmental's contractual duties were suspended and ultimately discharged by the HHCG's prior material breach of the contract.

(c)     Bean Environmental's contractual duties were discharged by the HHCG's breach of their covenant of good faith and fair dealing.

(d)     Bean Environmental's contractual duties were discharged by the HHCG's failure to follow contractually specified procedures and remedies.

32

(e)     Bean Environmental's contractual duties were discharged by the failure of a condition precedent.

(f)     The HHCG's claims are barred by the contract.

(g)     The HHCG's damages, if any, were caused by the fault, acts, or omissions of its own employees, for whose conduct Bean Environmental is not responsible.

(h)     The HHCG's damages, if any, were caused by the fault, acts, or omissions of others, including but not limited to Dalton Olmsted & Fuglevand, Inc. (DOF), for whose conduct Bean Environmental is not responsible.

(i)     The HHCG's claim is barred and/or reduced because the HHCG failed to mitigate its damages, if any.

The HHCG denies these affirmative defenses.

Bean Environmental further denies that the HHCG was damaged.

Bean Environmental further denies the nature and extent of the claimed damage.

(2)     The defendant Bean Environmental claims that the HHCG breached the contract in the following ways: by refusing to pay the amounts owed to Bean Environmental; by refusing Bean Environmental an extension of time to complete the work; by an untimely delay in providing Bean Environmental information that would have assisted Bean in performing its services under the contract; and by failing to advise Bean Environmental that HHCG, General Metals or Arkema knew or had reason to suspect the presence of asbestos contamination in the sediments Bean was to dredge.

33

Bean Environmental also claims that it sustained damages as a result of the HHCG's breach of the contract, and Bean Environmental seeks a judgment against the HHCG for these damages.

The HHCG denies these claims.

In addition, to denying Bean Environmental's claims, the HHCG claims the following affirmative defenses:

HHCG's contractual duties were discharged by Bean Environmental's prior breach in failing to comply with the terms of the Contract.

Bean Environmental denies these affirmative defenses.

The HHCG further denies that Bean Environmental was damaged.

The HHCG further denies the nature and extent of the claimed damage.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 28

Subsection (1)(a), misstates HHCG's claim. HHCG does not make a claim based on differing site conditions and this jury instruction is an attempt to restate HHCG's claim to favor Bean's affirmative defense. There will be no evidence to support this instruction.

Subsection (1)(b), is contrary to the express terms of the Contract. Article 14.02 states that the HHCG may terminate for cause for reasons including "failure to supply sufficient skilled workers or suitable materials or equipment or failure to adhere to the progress schedule . . .; violat[ing] in any substantial way any provisions of the contract documents." The evidence will show that HHCG had more than sufficient reason to terminate Bean and there will be no evidence to support this instruction.

Subsection (1)(c), is not a proper instruction under Washington law. Defendants cannot prove an independent breach of the covenant of good faith and fair dealing. As a matter of law, there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms. *See Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569-572, 807 P.2d 356, 360-361 (Wash. 1991). There will be no evidence to support this instruction.

Subsections (1)(d)-(h) are objectionable because there will be no evidence to support them.

1953677.1

# DEFENDANT'S PROPOSED INSTRUCTION NO. 29

The HHCG and Bean Environmental dispute the meaning of the following term contained in the contract: "stepping time."

The HHCG claims that the term "stepping time" was not intended by the parties to mean productive operating time. Bean Environmental claims that the term "stepping time" was intended by the parties to mean productive operating time.

Words in a contract are generally interpreted according to their ordinary meaning. However, words may have a specific meaning when used in a particular trade. If you find that the term "stepping time" is given a particular meaning when used in the dredging industry with such regularity that both parties would have been justified in expecting that meaning to be understood, then the term "stepping time" should be defined in accordance with that meaning, just as though the contract expressly stated it.

---

Restatement (Second) of Contracts § 222; *Puget Sound Financial, L.L.C. v. Unisearch, Inc.,* 146 Wn.2d 428, 434, 47 P.3d 940 (2002); *Bremerton Concrete Products Co., Inc. v. Miller,* 49 Wn. App. 806, 810, 745 P.2d 1338 (1987).

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 29**

"Stepping Time" is not a defined term in the Contract. Defendant's Proposed Instruction No. 29 is unnecessary because WPI 301.05 provides adequate instruction on how the jury is to interpret the Contract.

1953677.1

DEFENDANT'S PROPOSED INSTRUCTION NO. 30

Either party to a contract may waive the right to require performance of the other. A waiver is the intentional giving up of a known right.

A party asserting that its performance is excused on the ground of waiver has the burden of proving that the other party intended to give up its right to that performance under the contract after knowing all of the relevant facts.

A right may be waived in either of two ways. A party may directly state an intent to waive a contractual right, or a party may imply such an intent through his or her statements or conduct. An implied waiver, however, may be based only upon unequivocal, rather than doubtful or ambiguous, statements or conduct.

In this case, Bean Environmental's duty to to provide notice to HHCG of intent to make a claim was excused if Bean Environmental has proved, by a preponderance of the evidence, that the the HHCG waived its right to that performance under the contract.

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 30**

Plaintiffs do not believe that the evidence will support giving an instruction on waiver. However, if the evidence presented at trial does support giving an instruction on waiver, the Plaintiffs have no objection to the language proposed by Defendant, except for the last paragraph of Proposed Instruction No. 30, which states:

"In this case, Bean Environmental's duty to to provide notice to HHCG of intent to make a claim was excused if Bean Environmental has proved, by a preponderance of the evidence, that the the HHCG waived its right to that performance under the contract."

This language is unnecessary and beyond Washington Pattern Jury Instruction No. 302.07.

---

WPI 302.07. Excuse Of Performance – Waiver

39

## DEFENDANT'S PROPOSED INSTRUCTION NO. 32

The defendant Bean Environmental claims that the plaintiffs the HHCG committed fraudulent inducement by failing to disclose information regarding actual or suspected asbestos contamination. Fraudulent inducement occurs when a party is induced to enter into a contract by the other party's misrepresentation.

To establish a claim of fraudulent inducement, Bean Environmental must prove each of the following elements:

(1)     The HHCG made a false representation when it represented to Bean Environmental that it had fully disclosed to Bean Environmental any information that the HHCG knew or had reason to suspect concerning the existence of asbestos contamination at the project site;

(2)     The HHCG's assertion was either fraudulent or material.

The HHCG's assertion was material if it would be likely to induce a reasonable party in Bean Environmental's position to agree to the contract as written, or if the HHCG knew that its assertion would be likely to induce Bean Environmental to enter the contract as written;

The HHCG's assertion was fraudulent if the HHCG intended to induce Bean Environmental to enter the contract as written and: (a) the HHCG either knew or believed that the assertion was false, or (b) did not have the confidence that it stated or implied in the truth of the assertion, or (c) knew that it did not have the basis that it stated or implied for the assertion;

(3)     The HHCG's representation induced Bean Environmental to enter into the contract as written, meaning it substantially contributed to Bean Environmental's decision to enter into the contract as written; and

(4)     Bean Environmental justifiably relied on the HHCG's representation, meaning Bean Environmental's reliance was reasonable under the surrounding circumstances.

If you decide that Bean Environmental has proved each of these elements, then your verdict should be for Bean Environmental on Bean Environmental's claim of

40

fraudulent inducement.  Otherwise, as to this claim, you should find for the plaintiffs the HHCG.

---

Restatement (Second) Contracts §§ 162, 164, 167.

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 32**

Defendant's instruction relies on Restatement (Second) Contracts but there is a Washington Pattern Jury Instruction on fraud that should be used in place of Defendant's proposed instruction. *See* WPI 160.01

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 33

The contract between the parties consists of a number of different documents.

If you determine that there is an apparent conflict or discrepancy between different contract documents, you should attempt to resolve that conflict or discrepancy in the following way:

(1)     To the extent the parties have established a priority among the different contract documents for resolving conflicts or discrepancies, you should give effect to that priority.

(2)     If the parties have not established a priority, or if the apparent conflict or discrepancy exists between two contract documents that have the same priority, you should try and interpret the provisions so as to give effect to both, so that the interpretation of one provision does not render another provision meaningless or ineffective.

(3)     If you are unable to give effect to both provisions, you should give more weight to the provision that is more specific.

---

*Better Financial Solutions, Inc. v. Transtech Electric, Inc.,* 112 Wn.App. 697, 711, 51 P.3d 108 (2002) (interpretation of a contract which gives effect to all of its provisions favored over one which renders some of the language meaningless or ineffective); *Adler v. Fred Lind Manor,* 153 Wn.2d 331, 354, 103 P.3d 773 (2004) ("specific terms and exact terms are given greater weight than general language.").

1953677.1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 33**

Plaintiffs object on the basis that the parties exchanged proposed jury instructions on January 5, 2007. Defendant did not proposed Instruction No. 33 at that time. The first time that Plaintiffs were given notice of proposed Instruction No. 33 was at 2:15 pm on January 10, 2007. Plaintiffs will state further specific objections once they have had a reasonable time to respond.

44

## DEFENDANT'S PROPOSED INSTRUCTION NO. 34

The deposition testimony of a witness who is designated by a corporate party to speak as a 30(b)(6) witness on a certain subject on behalf of that party is treated the same as if the corporation itself were speaking.

---

Fed. R. Civ. Proc. 30(b)(6); Fed. R. Civ. Proc. 32(a)(2).

1953677.1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 34**

Plaintiffs object on the basis that the parties exchanged proposed jury instructions on January 5, 2007. Defendant did not proposed Instruction No. 34 at that time. The first time that Plaintiffs were given notice of proposed Instruction No. 34 was at 2:15 pm on January 10, 2007. Plaintiffs will state further specific objections once they have had a reasonable time to respond.

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 35

If contract performance by one party is a condition precedent to a duty of the other party to perform, the first party is not required by law to do a useless act and tender performance where the other party cannot or will not perform that party's part of the agreement.

---

*Puget Sound Service Corp. v. Bush,* 45 Wn. App. 312, 318, 724 P.2d 1127 (1986) (A "party need not perform a condition precedent if it appears that the other party cannot or will not perform…the law does not require tender of a useless performance."); *L.K. Comstock & Co., Inc. v. United Engineers & Constructors Inc.,* 880 F.2d 219, 232 (9th Cir. 1989) (holding that party need not comply with notice provision in contract where such compliance would have been a "useless gesture," because "[t]he law does not require a useless act[.]").

1953677.1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 35**

Plaintiffs object on the basis that the parties exchanged proposed jury instructions on January 5, 2007. Defendant did not proposed Instruction No. 35 at that time. The first time that Plaintiffs were given notice of proposed Instruction No. 35 was at 2:15 pm on January 10, 2007. Plaintiffs will state further specific objections once they have had a reasonable time to respond.

1953677.1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 36

Proof of damages must be established with enough certainty to provide a reasonable basis for estimating the amount of damages. Although the precise amount of damages need not be shown, damages must be supported by competent evidence in the record. To be competent, the evidence or proof of damages must be established by a reasonable basis and not by mere speculation or conjecture.

---

*ESCA Corp. v. KPMG Peat Marwick,* 86 Wn. App. 628, 639, 939 P.2d 1228 (1997).

## PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED NO. 36

There is a Washington Pattern Jury Instruction on damages that should be used in place of Defendant's proposed instruction. *See* WPI 160.01

Plaintiffs further object on the basis that the parties exchanged proposed jury instructions on January 5, 2007. Defendant did not proposed Instruction No. 36 at that time. The first time that Plaintiffs were given notice of proposed Instruction No. 36 was at 2:15 pm on January 10, 2007. Plaintiffs will state further specific objections once they have had a reasonable time to respond.

1953677.1