UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENERAL METALS OF TACOMA, INC., a
Washington corporation; and ARKEMA
INC., a Pennsylvania corporation,

        Plaintiffs,

    v.

BEAN ENVIRONMENTAL LLC, a
Delaware limited liability company; and
BEAN DREDGING LLC, a Louisiana limited
liability company,

        Defendants.

Case No. C05-5306 RBL

JURY INSTRUCTIONS

DATED this 14th day of February, 2007.

RONALD B. LEIGHTON
United States District Court Judge

05-CV-05306-JY

JURY INSTRUCTION NO. _1_

Members of the jury, now that you have heard all the evidence and the arguments of the attorney, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

# INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which have been received into evidence; and

(3)    any facts to which the lawyers have agreed or stipulated.

INSTRUCTION NO. _3_

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a questions is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. _5_

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. _6_

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 7

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 8

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 9

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1 JURY INSTRUCTION NO. _10_

2     The plaintiffs, the HHCG, claim that the defendant Bean Environmental breached the contract by

3 failing to perform in accordance with the contract requirements, in particular that Bean failed to

4 substantially complete performance on or before February 15, 2005.

5     The defendant Bean Environmental claims that the plaintiffs, the HHCG, breached the contract in

6 the following ways: by refusing to pay the amounts owed to Bean Environmental; by refusing Bean

7 Environmental an extension of time to complete the work; by an untimely delay in providing Bean

8 Environmental information that would have assisted Bean Environmental in performing its services under

9 the contract; and by failing to advise Bean Environmental that the HHCG, General Metals or Arkema

10 knew or had reason to suspect the presence of asbestos contamination in the sediments Bean

11 Environmental was to dredge.

In this suit, there is a claim for breach of contract by the plaintiff, and a counterclaim for breach of contract by the defendant. On each claim, you may find for or against either party, however, you may not reach inherently contradictory findings.

(1)     Plaintiffs, the HHCG, have the burden of proving each of the following propositions on their claim of breach of contract against Bean Environmental:

(a)     That defendant Bean Environmental entered into a dredging contract with plaintiff HHCG;

(b)     That the contract required, among other things, that Bean Environmental would substantially complete dredging on or before February 15, 2005, and that Bean Environmental would execute the dredging to a vertical tolerance of four inches;

(c)     That Bean Environmental breached the contract in one or more of the ways claimed by HHCG;

(d)     That the HHCG performed or offered to perform its obligations under the contract; and

(e)     That the HHCG was damaged as a result of Bean Environmental's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for Bean Environmental on HHCG's claim for breach of contract. On the other hand, if each of these propositions has been proved, then you must consider the affirmative defenses claimed by Bean Environmental.

Bean Environmental has the burden of proving the following affirmative defenses:

(a)     Bean Environmental's duty to substantially complete by February 15, 2005 was discharged by the HHCG's failure to grant Bean an extension of time to complete the dredging.

(b)     Bean Environmental's contractual duties were discharged by the HHCG's failure to follow contractually specified procedures and remedies.

(c)     The HHCG's damages, if any, were not proximately caused by Bean Environmental, but were instead caused by the acts or omissions of others, including but not limited to Dalton Olmsted & Fuglevand, Inc. (DOF), for whose conduct Bean Environmental is not responsible.

1    (d)    The HHCG's claim is barred and/or reduced because the HHCG failed to mitigate its
2   damages, if any.

3    (e)    The HHCG induced Bean Environmental to enter into the contract through negligent
4   misrepresentation or fraud.

5        If you find from your consideration of all the evidence that one or more of these affirmative
6   defenses have been proved, your verdict should be for Bean Environmental on HHCG's claim for breach
7   of contract, unless the only affirmative defense you find to have been proved is that the HHCG failed to
8   mitigate damages, in which case you should reduce the HHCG's damages claim in accordance with these
9   instructions. On the other hand, if none of these affirmative defense have been proved, then your verdict
10  should be for the HHCG on the HHCG's claim for breach of contract.

11   (2)    The defendant, Bean Environmental, has the burden of proving each of the following
12  propositions on its claim of breach of contract against the HHCG:

13    (a)    That plaintiffs the HHCG entered into a dredging contract with defendant Bean
14  Environmental;

15    (b)    That the terms of the contract required, among other things, that the HHCG would
16  pay the amounts owed to Bean Environmental and that Bean Environmental was entitled to an extension
17  of time to complete the dredging for delays beyond its control.

18    (c)    That the HHCG breached the contract in one or more of the ways claimed by Bean
19  Environmental;

20    (d)    That Bean Environmental performed or offered to perform its obligations under the
21  contract; and

22    (e)    That Bean Environmental was damaged as a result of the HHCG's breach.

23       If you find from your consideration of all the evidence that any of these propositions has not been
24  proved, your verdict should be for the HHCG on Bean Environmental's claim of breach. On the other
25  hand, if each of these propositions has been proved, then you must consider the affirmative defenses
26  claimed by the HHCG.

27       HHCG has the burden of proving the following affirmative defenses:

28    (a)    The HHCG was entitled to withhold payment from Bean Environmental pursuant to the

1  parties' contract as a result of Bean Environmental's breach of contract.

2       If you find from your consideration of all the evidence that one or more of these affirmative

3  defenses have been proved, your verdict should be for the HHCG on Bean Environmental's claim of

4  breach of contract. On the other hand, if none of these affirmative defenses have been proved, then your

5  verdict should be for Bean Environmental on Bean Environmental's claim of breach of contract.

JURY INSTRUCTION NO. 12

A contract is a legally enforceable promise or set of promises.

# JURY INSTRUCTION NO. 13

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

JURY INSTRUCTION NO. _14_

     If you find that all of the provisions of an agreement between HHCG and Bean Environmental are contained in a single written document, and that the document was intended by the parties as their final agreement on the subjects addressed in it, then you may not consider evidence outside the written document to add to, subtract from, vary, or contradict that written document.

     However, if you find that such written document was not intended to be a complete expression of all of the terms agreed upon by those parties, that is, that the document does not contain all of the terms of their agreement, then you may also consider evidence of the circumstances surrounding the making of the agreement to supply additional terms of the agreement between the parties, but only if they are not inconsistent with the provisions of the written document.

INSTRUCTION NO. 15

A duty of good faith and fair dealing is implied in every contract. This duty requires the parties to cooperate with each other so that each may obtain the full benefit of performance. However, this duty does not require a party to accept a material change in the terms of its contract.

JURY INSTRUCTION NO. _16_

Either party to a contract may waive the right to require performance of the other. A waiver is the intentional giving up of a known right.

A party asserting that its performance is excused on the ground of waiver has the burden of proving that the other party intended to give up its right to that performance under the contract after knowing all of the relevant facts.

A right may be waived in either of two ways. A party may directly state an intent to waive a contractual right, or a party may imply such an intent through his or her statements or conduct. An implied waiver, however, may be based only upon unequivocal, rather than doubtful or ambiguous, statements or conduct.

JURY INSTRUCTION NO. _17_

The failure to perform fully a contractual duty when it is due is a breach of contract.

JURY INSTRUCTION NO. 18

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract. A "material breach" is one that substantially defeats the purpose of the contract, or relates to an essential element of the contract, and deprives the injured party of a benefit that he or she reasonably expected.

JURY INSTRUCTION NO. _19_

It is the duty of the court to instruct you as to the measure of damages. In this case, the plaintiff and the defendant each claim to have suffered damages as a result of a breach of contract by the other. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order for either party to recover actual damages, that party has the burden of proving that the other party breached a contract with it, that the party incurred actual damages as a result of the other party's breach, and the amount of those damages.

If you find that the HHCG has proved that they incurred actual damages and the amount of those actual damages, then you shall award actual damages to the HHCG.

If you find that Bean Environmental has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to the defendants.

Actual damages are those losses that were reasonably foreseeable at the time the contract was made. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

     (a)     in the ordinary course of events, or

     (b)     as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating a party's actual damages, you should determine the sum of money that will put that party in as good a position as that party would have been in if both parties had performed all of their promises under the contract.

The burden of proving damages rests with the party claiming them and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. In determining an award of damages to either party, you must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

1    JURY INSTRUCTION NO. 20

2        The HHCG has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid

3    or reduce damages.

4        Bean Environmental has the burden of proving by a preponderance of the evidence:

5        1.    That the HHCG failed to use reasonable efforts to mitigate its damages; and

6        2.    The amount by which damages would have been mitigated.

1  JURY INSTRUCTION NO. 21

2      Bean Environmental has asserted a claim against the HHCG for damages for negligent

3  misrepresentation. To prevail on its damages claim, Bean Environmental has the burden of proving the

4  following propositions:

5      (1)  That the HHCG supplied information for the guidance of the Bean Environmental in the
           business transactions that was false; and

6

7      (2)  That the HHCG knew or should have known that the information was supplied to guide the
           Bean Environmental; and

8      (3)  That the HHCG was negligent in obtaining or communicating false information; and

9      (4)  That the Bean Environmental relied on the false information supplied by HHCG; and

10     (5)  That the Bean Environmental's reliance on the false information supplied by the HHCG
           was justified (that is, that reliance was reasonable under the surrounding circumstances);

11         and

12     (6)  That the false information was the proximate cause of damages to Bean Environmental.

13     If you find from consideration of all the evidence that Bean Environmental has proved each of

14  these propositions by clear, cogent, and convincing evidence, your verdict should be for it with respect to

15  its claims of negligent misrepresentation against HHCG.

16     On the other hand, if any of these propositions has not been proved by clear, cogent, and

17  convincing evidence, your verdict should be for the HHCG on Bean Environmental's claim for negligent

18  misrepresentation.

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 22

The term "proximate cause" means a cause which in a direct sequence produces the event complained of and without which such event would not have happened.

JURY INSTRUCTION NO. 23

Bean Environmental has asserted a claim against the HHCG for fraud. There are nine essential elements of fraud. Each element of fraud must be established by clear, cogent, and convincing evidence. The nine elements of fraud are:

(1)    Representation by the HHCG of an existing fact;

(2)    Materiality of the representation;

(3)    Falsity of the representation;

(4)    The HHCG's knowledge of its falsity;

(5)    The HHCG's intent that it be acted upon by ~~the plaintiff;~~ Bean Environmental.

(6)    Bean Environmental's ignorance of the falsity;

(7)    Bean Environmental's reliance on the truth of the representation;

(8)    Bean Environmental's right to rely upon it; and

(9)    Resulting damages.

JURY INSTRUCTION NO. 24

A party who alleges fraud or negligent misrepresentation has the burden of proving each by clear, cogent, and convincing evidence. However, this burden of proof is applicable only to the proofs of fraud and negligent misrepresentation. All other allegations of the respective parties must be proved by a preponderance of the evidence as that term is more fully defined in other instructions.

When it is said that a proposition must be proved by clear, cogent, and convincing evidence it means that the proposition must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence. However, it does not mean that the proposition must be proved by evidence that is convincing beyond a reasonable doubt.

INSTRUCTION NO. 25

      If you find the HHCG liable for fraud or negligent misrepresentation, you should award Bean Environmental such damages as are necessary to compensate Bean Environmental for the pecuniary loss caused by the fraud or misrepresentation.

# INSTRUCTION NO. 26

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 27

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. 28

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury of anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. _29_

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.