HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENERAL METALS OF TACOMA, INC., a Washington corporation, and ARKEMA, INC., a Pennsylvania corporation,

Plaintiffs,

v.

BEAN ENVIRONMENTAL L.L.C., a Delaware limited liability company, and BEAN DREDGING L.L.C., a Louisiana limited liability company,

Defendants.

Case No. C05-5306RBL

ORDER DENYING MOTION FOR PREJUDGMENT INTEREST AND ATTORNEYS FEES

Plaintiffs, as the prevailing parties, have moved the Court for an award of prejudgment interest and attorneys' fees [Dkt. #368]. The Court has reviewed the materials submitted by the parties in support and opposition to the motion and for the following reasons hereby **DENIES** the motion.

<u>Attorney Fees</u>

Washington follows the American rule that "attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity." *Panorama Vill. Condo. Owners Ass'n. Bd. of Dirs. v. Allstate Ins. Co.,* 144 Wn.2d 130, 143 (2000). In their trial brief, plaintiffs stated that in this case, "there is no statutory or contractual basis for an award of attorney's fees by either party." [Plaintiffs' Trial Brief at 81].

ORDER
Page - 1

In this motion, plaintiffs now claim that Article 14.02.B of the General Conditions to the contract between the parties provides a contractual basis for fee shifting. That provision states:

> 14.02 HHCG May Terminate For Cause
>
> . . . .
>
> HHCG may, after giving BELLC (and the surety, if any) 30 days' written notice and to the extent permitted by Laws and Regulations, terminate the services of BELLC, exclude BELLC from the Site and take possession of the Remediation, incorporate in the Remediation all materials and equipment stored at the Site or for which HHCG has paid BELLC but which are stored elsewhere, and finish the Remediation as HHCG may deem expedient. In such case BELLC will not be entitled to receive any further payment until the Remediation is finished. *If the unpaid balance of the Contract Price exceeds all costs, losses and damages sustained by HHCG arising out of or resulting from completing the Remediation (including but not limited to all fees and charges of engineers, architects, attorneys and other professionals and all court or arbitration or other dispute resolution costs) such excess will be paid to BELLC. If such costs, losses and damages exceed such unpaid balance, BELLC shall pay the difference to HHCG.* Such costs, losses and damages incurred by HHCG will be incorporated in a Change Order, provided that when exercising any rights or remedies under this paragraph HHCG shall not be required to obtain the lowest price for the Remediation to be performed, but shall be required to make reasonable efforts to minimize costs.

On its face, Article 14.02B is not an attorney fees provision which shifts the cost of litigation to the losing party. The provision only allows reimbursement of certain fees, including attorney fees, incurred in order to complete the remediation work which is the subject of the contract. At trial, fees incurred in this process were presented to the jury and included as damages.

It is clear to the Court that the provision in question was never intended by the parties to shift litigation fees from the prevailing party to the losing party.

Prejudgment Interest

The rule in Washington is that prejudgment interest may be awarded only for "liquidated" claims. *Scoccoto Const. Inc. ex re: Curb One, Inc. v. City of Renton*, 158 Wn.2d 506, 519. A claim is liquidated if "the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness.

> The true principle, which is based on the sense of justice in the business community . . . is that he who retains money which he ought to pay to another should be charged interest on it. The difficulty is that it cannot well be said one ought to pay money unless he can ascertain how much he ought to pay with reasonable exactness.

*Prier v. Refrigeration Engineering Co.*, 74 Wn.2d 25, 34 (1968).

Because the determination of what was owed by Bean was subject to the discretion of the jury, not just as to the issue of liability but also as to the ultimate calculation of damages, an award of prejudgment interest is inappropriate in this case. *See Hansen v. Rothaus*, 107 Wn.2d 468 (1986).

Plaintiffs' Motion for an Award of Prejudgment Interest and Attorney's Fees [Dkt. #368] is **DENIED.**

DATED this 29th day of March, 2007.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE