1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   GENERAL METALS OF TACOMA, INC., a
     Washington corporation, and ARKEMA,
11   INC., a Pennsylvania corporation,                Case No. C05-5306RBL

12                              Plaintiffs,

13                     v.                              ORDER DENYING MOTION FOR
                                                      JUDGMENT AS A MATTER OF LAW
14   BEAN ENVIRONMENTAL L.L.C., a                     OR, IN THE ALTERNATIVE, A NEW
     Delaware limited liability company, and          TRIAL
15   BEAN DREDGING L.L.C., a Louisiana
     limited liability company,
16
                                Defendants.
17

18

19          This matter comes before the Court on defendants' motion for judgment notwithstanding the

20   verdict or new trial. [Dkt. #370].  The Court has reviewed the pleadings on this issue and is fully informed

21   as to the factual and legal issues implicated in the motion and for the following reasons hereby **DENIES**

22   the motion.

23          A court may overturn a jury's verdict by granting a motion for judgment notwithstanding the

24   verdict under FRCP 50 where there is no legally sufficient basis for a reasonable jury to find for that party.

25   All evidence in the record is to be considered, drawing all reasonable inferences in favor of the non-moving

26   party.  See *Quantz v. Edwards*, 2006 Dist. LEXIS 26769, 6-7 (D. Wash. 2006); *City Solutions Inc. v.

27   Clear Channel Communications*, 365 F.3d 835, 839 (9th Cir. 2003).

28          A new trial may be granted to all or any of the parties on all or part of the issues in an action in

1   which there has been a trial by jury if the verdict is contrary to the clear weight of the evidence, or is based

2   upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of

3   justice.  *Thornton v. Hill*, 2006 U.S. Dist. LEXIS 85716, 2-3 (D. Wash. 2006); *Oltz v. St. Peter's*

4   *Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988).

5          The Court has reviewed the evidence and the law submitted by the parties over the course of this

6   litigation, including during trial, and is convinced that there is substantial evidence to support the jury

7   verdict, that no defect in the proceedings resulted in a miscarriage of justice and that both sides in the

8   litigation had a full and fair opportunity to argue their theory of the case.

9          Plaintiffs' case, simply put, was that Bean over-promised and under-performed with regard to the

10  dredging contract signed with HHCG.  Defendants claimed, and argued to the jury, that circumstances

11  beyond their control required HHCG to grant additional time under the contract to complete the dredging.

12  Bean also contended that HHCG withheld material information from Bean at the formation of the contract

13  and therefore HHCG was liable to Bean, in damages or for rescission, for fraud or misrepresentation.  The

14  jury instructions and the verdict form allowed Bean to argue its position and allowed the jury to reach a

15  verdict consistent with either theory if so persuaded.  Contrary to Beans' post-trial motion, the verdict

16  form did not prevent the jury from fully deliberating all issues in the case.  Jury Instruction No. 1

17  admonishes all jurors to follow all of the instructions and to not single out some and ignore others.  Jury

18  Instruction No. 29 instructs the jury to fill out the Verdict form after they have reached a unanimous

19  agreement on a verdict.  The Court has no reason to believe that the jury disregarded these instructions and

20  failed to deliberate on any of the claims made by Bean.  The evidence is to the contrary.  The jury agreed

21  that Bean had the capacity to complete dredging in one season, they failed to complete the dredging in one

22  season as promised, and Bean's breach caused HHCG to incur substantial damages.  The jury further

23  concluded that Bean should be paid for all work actually performed, including the work HHCG claimed as

24  "defective dredging."  The jury clearly found that HHCG did not breach the agreement by withholding

25  payments from Bean (either for "defective dredging" or because Bean could not finish the dredging on

26  time).  Finally, the jury also found no misrepresentation or fraud on the part of HHCG.  These issues were

27  fully presented to the jury at trial, the jury was instructed on the law as to each theory and provided an

28  opportunity to accept or reject each theory in the verdict form.

1    The jury reached a verdict in favor of HHCG and that verdict is supported by the evidence.

2  Accordingly, the motion for judgment notwithstanding the verdict, or for new trial [Dkt. #370] is

3  **DENIED**.  The Court's Order Staying Execution of Judgment Pending Post-Trial Motions [Dkt. #375] is

4  hereby **VACATED**.

5    DATED this 29th day of March, 2007.

6

7

8

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3