HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington corporation; and ARKEMA INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company,<br><br>Defendants. | Case No. C05-5306RBL<br><br>ORDER |

This matter is before the Court on plaintiffs' motion for costs [Dkt. #376]. The Court has reviewed the motion and the supporting invoices, defendants' opposition, plaintiffs' reply, and the clerk's minutes of the trial.

As a general proposition, plaintiffs as prevailing parties are entitled to an award of costs. Fed. R. Civ. P. 54(d). For purposes of this motion, costs are those costs as allowed under 28 U.S.C. §1920. The Court has the discretion to interpret the meaning of costs under §1920. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). In this cost bill plaintiffs seek extremely large sums for deposition costs ($68,946.25) and for printing and copying costs ($166,364.86). In determining taxable costs, the Court will allow the costs of depositions actually used at trial, will disallow costs for a videotape if the videotape was not played at trial, and will reduce the costs sought for unnecessary expenses such as expedited preparation and the copying of exhibits. The Court will, however, allow the costs for the lodging and meals for the court

ORDER
Page - 1

reporter and videographer in Holland.

As for printing and copying costs, the Court will generally reduce the costs because plaintiffs do not adequately support their requests for in-house copy costs and seek reimbursement for printing expenses from outside contractors which are not adequately explained. The Court will also reduce the costs for extraneous items such as CD/DVD copies, blowbacks and the like as costs which were incurred for the convenience of counsel. In realization of the size of this litigation and the amount of documents which the Court, with some confidence, can say were necessarily obtained for use in this case, the Court will tax as a cost a reasonable fee for printing and copying.

## TAXATION OF COSTS

| | |
|---|---|
| Fees of the Clerk | $ 250.00 |
| Fees for service of process (28 U.S.C. §1920(1)) | $ 46.05 |
| Fees for service of subpoenas are not allowable costs. Costs will not be taxed without supporting documentation. Rush delivery fee is not taxable. | |
| Fees of the Court Reporter-Depositions (28 U.S.C. §1920(2)) | $ 33,051.14 |
| Fees were not allowed for the depositions of Matthew Zepeda, David Gehring, Eustolio Rodriquez, Steve Castillo, William Hoffman, Timothy Harrington, Donald Hayes, Ronald Vann, Gregory Smith, William Keij, Robert Dugas, Mark Otten, Richard May (published but not used), Fred Wolf, Matthew Cusma (published but not used), Ram Mohan, Nicholas Lesnikowski, Jerry Hainline, and Julius Bechly. | |
| Fees of the Court Reporter-Trial (28 U.S.C. §1920(2)) | $ 435.60 |
| Fees for printing and copying (28 U.S.C.§§1920(3), (4)) | $ 66,545.94 |
| Compensation for interpreters and translators (29 U.S.C. §1920(6)) | $ 16,065.00 |
| The Court will disallow the interpreter fee for the deposition of Eustolio Rodriquez. The entire translation fee for the Dutch emails is allowed | |
| TOTAL | $101,993.73 |

The total costs of $101,993.73 represents a reasonable taxation of costs.

ORDER
Page - 2

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 2nd day of April, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE